IN THE MATTER OF THE ADMINISTRATION OF THE GOODS, ETC., OF BENJAMIN CURSER, DECEASED.

*Married women — right of, to administer — Chap. 782 of 1867.*

When a mother dies leaving two daughters as her next of kin, one of whom is married and the other unmarried, it is error for the surrogate to grant letters of administration to the unmarried daughter upon her own application without giving notice of the application to her sister. (GILBERT, J., dissenting.)

Since the passage of chapter 782 of 1867, married women are, in respect to the right to administer, to be treated as single women.

APPEAL from an order of the surrogate of Westchester county, denying an application for the revocation of letters of administration granted to the respondent.

On the 27th of April, 1881, the appellant, a married daughter of deceased, filed a petition praying that letters of administration be granted jointly to her and respondent, an unmarried daughter of deceased; and a citation was issued returnable May 11, 1881. On the 7th of May, 1881, a petition was filed by the respondent, praying that letters of administration be granted to her. On the 9th of May, 1881, letters of administration were granted to her, she having taken the oath and filed her bond. No notice of the application was given to the appellant. On the 11th of May, 1881, upon the return of the citation of the appellant, the surrogate denied her petition for joint administration, on the ground that letters had been granted to respondent, she having duly qualified.

On May 13, 1881, the appellant, by petition, prayed that the letters granted to the respondent be revoked. On May 27, 1881, after hearing counsel on both sides, the surrogate made and entered an order denying this last petition, from which this appeal is taken.

*Close & Robertson*, for S. Cecilia Baxter, appellant.

*Isaac N. Cook*, for Martha E. Varian, respondent.

BARNARD, P. J.:

By section 2 of chapter 782 of the Laws of 1867, it is enacted that "married women are hereby declared to be capable of acting as

executrixes and administratrixes and guardians of minors and of receiving letters testamentary and of administration or of guardship as though they were single women."

These words repeal that part of the Revised Statutes which give a preference to unmarried women over married women in the order to which they are entitled to administration. (R. S., § 28, tit. 2, chap. 6, part 2; 2 R. S., 74.) Married women now, in respect to right to administer, are to be treated as single women. The words are not alone to be treated as dispensing with the consent of the husband theretofore required, but they necessarily import a removal of all disability upon the right to administration by reason of being married. The two sisters being in equal degree of kindred it was erroneous for the surrogate to grant letters to the unmarried daughter alone and without notice to the appellant, and his order refusing to vacate the letters and issue joint letters to the two sisters, should be reversed, with costs.

DYKMAN, J., concurred.

GILBERT, J.:

I dissent, the surrogate had a discretion to appoint one or both.

Order of surrogate reversed, with costs.